**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01041-WJM-MEH

GALEN AMERSON,
FRANCES M. SCOTT,

    Plaintiffs,

v.

AMERICAN MORTGAGE NETWORK, INC.,
CHASE HOME FINANCE LLC,
FANNIE MAE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.

---

**ORDER DENYING PETITION FOR TEMPORARY INJUNCTION**

---

    This matter is before the Court on Plaintiffs' "Petition for Temporary Injunction" (ECF No. 2).  Given the content of Plaintiffs' submissions to date, the Court construes Plaintiffs' "Petition for Temporary Injunction" as both a Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), as well as a Motion for Preliminary Injunction, pursuant to Fed. R. Civ. P. 65(a).  As so construed, Plaintiffs' Petition is denied.

    Plaintiffs seek, among other things, to prevent Defendants from foreclosing on Plaintiffs' real property located at 17193 Opal Hill Drive, Parker, CO 80134.  (*Id.* at 19.) The Court previously ordered that Plaintiffs show cause why the Court has jurisdiction to order their requested relief, expressing its concern over whether there was on-going

state court proceeding and, if so, whether the Court could intervene in light of *Younger v. Harris,* 401 U.S. 37 (1971). (ECF No. 6.) Plaintiffs filed a timely response in which they expressly acknowledge the existence of a state court proceeding:

> (6) Wrongful foreclosure and sale of real property by District Court, Douglas County Colorado, will however be detrimental to This Court proceeding as well as to both the Plaintiffs and the Defendants. Plaintiffs seek to stop the progress of the foreclosure and sale in both courts for the period of time necessary to sort out the details and come to an honest assessment of the facts in order that a proper assessment can be made prior to creating additional and unnecessary harm and loss which would or could require compensation at a later date.
>
> (7) Plaintiff requests that the sale of his home through foreclosure, be interrupted by a preliminary injunction now to allow for the facts to come to light. . . .

(ECF No. 7 at 2 ¶¶ 6-7.)

> The *Younger* abstention doctrine applies when there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceedings involve important state interests which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591, *3 (D. Colo. May 7, 2007).

Under this doctrine, the Court concludes it cannot intervene in the ongoing state court foreclosure proceeding. *See id.* ("if there has been no final determination of the rights of the parties because the foreclosure process was not concluded, then the Court should abstain under the *Younger* doctrine.").

Accordingly, Plaintiffs' "Petition for Temporary Injunction" (ECF No. 2) is hereby DENIED, both insofar as it has been construed by the Court as a Motion for Temporary

Restraining Order, as well as a Motion for Preliminary Injunction pursuant, respectively, to Fed. R. Civ. P. 65(b) and (a).

Dated this 26th day of April, 2011.

BY THE COURT:

William J. Martínez
United States District Judge