IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01041-WJM-MEH

GALEN AMERSON and
FRANCES M. SCOTT,

      Plaintiffs,

v.

AMERICAN MORTGAGE NETWORK, INC.,
CHASE HOME FINANCE LLC,
FANNIE MAE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), and
JOHN DOES (INVESTORS) 1 - 15,000,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 27, 2011.**

      Plaintiffs' Motion for Rule 11 Sanctions [filed July 25, 2011; docket #26] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A. Although Plaintiffs proceed in this case without an attorney, they bear the responsibility of complying with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

      The plain language of D.C. Colo. LCivR 7.1A states in pertinent part,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). Rule 7.1A requires meaningful negotiations by the parties, thus the rule is not satisfied by one party sending the other party a single email, letter or voicemail. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003).