IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01041-WJM-MEH

GALEN AMERSON and
FRANCES M. SCOTT,

　　　　Plaintiffs,

v.

AMERICAN MORTGAGE NETWORK, INC.,
CHASE HOME FINANCE LLC,
FANNIE MAE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), and
JOHN DOES (INVESTORS) 1 - 15,000,

　　　　Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

　　　　Before the Court is Defendants Fannie Mae, Mortgage Electronic Registration Systems, Inc., and JPMorgan Chase Bank, National Association, as successor by merger to Chase Home Finance LLC's (the "Bank Defendants") Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) [filed June 21, 2011; docket #18]. The motion is referred to this Court for disposition. (Docket #19.) The matter is briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **GRANTS** the Bank Defendants' motion and instructs Plaintiffs to file an Amended Complaint compliant with the instructions stated herein.[1]

---

[1] The Court issues an order, not a recommendation, because this determination is not dispositive, but provides instruction for the Plaintiffs to file an Amended Complaint compliant with the federal and local rules.

## I. Background

Plaintiffs initiated this lawsuit *pro se* on April 20, 2011. (Docket #1.) Plaintiffs rely upon the Truth in Lending Act and the Real Estate Settlement and Procedures Act as jurisdictional bases for an unidentified number of claims. (*Id.* at 1.) Plaintiffs ask the Court for quiet title to the property at issue, and actual, compensatory and punitive damages, as well as other forms of relief. (*Id.* at 23.)

Instead of filing an answer or other response, the Bank Defendants filed the motion presently before the Court pursuant to Fed. R. Civ. P. 12(e), requesting that the Court order Plaintiffs to file a more definite statement than that currently presented in their initial complaint. (Docket #18.) The Bank Defendants contend that they "cannot decipher what they allegedly did to Plaintiffs (or how they are involved in this action)" based on the complaint, as they assert the complaint "is a collection of disjointed paragraphs and headings, random statements of belief or opinions and out-of-circuit case cites and legal briefing." (*Id.* at 5-6.)

Plaintiffs oppose the motion and aver their complaint is adequately pled. (Docket #28 at 2.) However, Plaintiffs explain that they are "willing to prepare a more definite statement for the court," inclusive of facts alleging "deliberate criminal acts by lenders." (*Id.* at 7.)

Review of the complaint demonstrates to the Court that a more definite statement compliant with the federal and local rules is appropriate here. Moreover, Plaintiffs, as they proceed *pro se*, must use the forms established by this district and available in the Clerk's Office. D.C. Colo. LCivR 8.1A. Therefore, the Court grants Defendants' motion as stated herein.

## II. Legal Standard

Rule 12(e) allows a party to move for a more definite statement if a complaint (or other pleading to which a responsive pleading is allowed) "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a response and must point

out the defects complained of and the details desired." Fed. R. Civ. P. 12(e) (2011).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendants sued of what the claims are and the grounds supporting such claims. *Twombly*, 550 U.S. at 555. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). However, the facts alleged must be stated in a simple, concise, and direct fashion, pursuant to Rules 8(a)(2) and 8(d). Furthermore, in a lawsuit bringing allegations of fraud (which is mentioned in the complaint here), the pleading must comply with Rule 9(b), prescribing that the circumstances constituting fraud be stated with particularity.

## III. Discussion

The Tenth Circuit encourages district courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA , 2010 WL 2301749 (D. Colo. June 8, 2010). The Court's review of Plaintiffs' complaint demonstrates that amendment would be helpful, for both the Court and for Defendants. Plaintiffs' unnecessarily lengthy complaint fails to clearly and manageably articulate the specific allegations as to each defendant and the corresponding basic details (date or identification of alleged actor), as well as the specific legal right each defendant allegedly violated. The complaint is a series of convoluted statements of law, in large part not from this district or circuit, separated by headings that do not provide a sense of logical order. It contains vague factual statements that read more like a complaint for purchase from

the internet, rather than a thoughtful and well-pled complaint compliant with the federal and local rules.

Furthermore, this District requires that pro se litigants utilize the court-provided forms as a template for a complaint. D.C. Colo. LCivR 8.1A. Plaintiffs failed to comply with this rule.

### IV.     Conclusion and Instructions

Accordingly, the Bank Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) [filed June 21, 2011; docket #18] is **GRANTED**. Plaintiffs are instructed to file an Amended Complaint on the form provided by this district (and found at the Clerk's Office) for *pro se* litigants no later than **August 26, 2011**. The Court advises Plaintiffs to 1) explain what each defendant did to you; 2) identify when each defendant's conduct took place; 3) explain how each defendant's action harmed you; and 4) state plainly what specific legal right each defendant violated.

The Court encourages Plaintiffs to comply carefully with this order and the legal standards stated herein. It is to Plaintiffs' benefit to author a complaint that clearly informs Defendants and the Court what their specific claims are, so that justice may ultimately be served. The Court informs Plaintiffs that failure to comply with this order by not filing a compliant Amended Complaint on or before August 26, 2011, could result in their original complaint being stricken or the dismissal of this action for their failure to comply with court orders.

Dated and entered at Denver, Colorado, this 11th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge