IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01041-WJM-MEH

GALEN AMERSON, and
FRANCES M. SCOTT,

      Plaintiffs,

v.

CHASE HOME FINANCE LLC,
FANNIE MAE, and
CASTLE MEINHOLD & STAWIARSKI, LLC,

      Defendants.

---

## ORDER ON MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Unopposed Motion for Partial Stay of Proceedings [filed
May 10, 2012; docket #93]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this

matter has been referred to this Court for disposition [docket #94]. Plaintiffs do not oppose the relief

requested. For the reasons set forth below, Defendants' Motion is **granted**.

## I.     Background

Plaintiffs initiated this lawsuit *pro se* on April 20, 2011. (Docket #1.) Rather than filing an

answer or other response, the Defendants filed a motion for a more definite statement pursuant to

Fed. R. Civ. P. 12(e). (Docket #18.) The Court granted the motion and ordered Plaintiffs to file an

Amended Complaint, which Plaintiffs filed on August 29, 2012. (Docket #42.) Both Defendants

responded to the Amended Complaint by filing motions to dismiss. (*See* dockets ##53, 56.) On May

7, 2012, this Court recommended that Defendants' motions be granted and that Plaintiffs' claims

be dismissed with prejudice. (*See* docket #92.) Pursuant to Fed. R. Civ. P. 72, Plaintiffs' objections,

if any, must be submitted on or before May 21, 2012.

A final pretrial conference is scheduled in this case for May 17, 2012, and the proposed final pretrial order was due on or before May 10, 2012.  In lieu of the proposed final pretrial order, Defendants filed the present Motion asking the Court to stay all proceedings other than those pertaining to the pending recommendation for dismissal.

## II.      Discussion

Defendants argue that a partial stay of proceedings is warranted in light of the Court's pending recommendation for dismissal, which, if adopted, would fully dispose of Plaintiffs' claims. Defendants attempt to distinguish this case from the Court's recent decision in *Green v. Snyder*, 10-cv-02669-WYD-MEH, 2012 WL 1560457 (D. Colo. May 3, 2012), denying a request to stay proceedings before a final pretrial conference.  In *Green*, Plaintiff moved for a stay after Defendant had already prepared and submitted a proposed final pretrial order.  *See id*. at *1.  In light of the defendant's investment and preparation, the Court found that a stay was not warranted and denied the plaintiff's request accordingly.  *Id*. at *2.

A stay of all proceedings is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, a stay may be appropriate if the "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955,

at \*2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Weighing the factors set forth in *String Cheese Incident* for determining the propriety of a stay, this Court finds that a stay is appropriate in this case.

Beginning with the first *String Cheese* factor, the Plaintiffs are unopposed to the relief requested in the motion. Plaintiffs assert no prejudice in a temporary stay of the proceedings and the Court perceives none. The first factor weighs in favor of a stay.

The second factor *String Cheese* examines is the burden on Defendants if the parties are required to proceed with the final pretrial conference before the motions to dismiss have been fully resolved. The Court recognizes that the parties may expend considerable time and resources preparing a proposed final pretrial order. Unlike the defendant in *Green*, the Defendants in this action have not yet undertaken that effort. Because the pending recommendation could dispose of this action in its entirety and ultimately render a final pretrial order unnecessary, the Court finds that asking Defendants to prepare and submit a proposed final pretrial order and participate in a final pretrial conference would be unduly burdensome. The second factor weighs in favor of a stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendants assert that the Court's time and resources would not be not well-spent on an unnecessary final pretrial conference. Although the Court agrees that such a conference consumes some measure of judicial resources, the burden to the Court is relatively minor.

Because factors one and two weigh in favor of a stay, and factors three, four, and five do not affect the balance, the Court finds that a partial stay of proceedings is appropriate in this case.

## III.    Conclusion

Accordingly, for the reasons stated above, Defendants' Unopposed Motion for Partial Stay of Proceedings [filed May 10, 2012; docket #93] is **granted**. In accordance with this order, the Final

Pretrial Conference set for May 17, 2012, is hereby **vacated**.  The parties shall file a status report

*within three business days* of receiving a ruling on the Court's recommendation of dismissal [docket

#92] so that the Court may reset the Final Pretrial Conference, if necessary.

Dated at Denver, Colorado, this 15th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge