IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01041-WJM-MEH

GALEN AMERSON,
FRANCES M. SCOTT,

    Plaintiffs,

v.

CHASE HOME FINANCE LLC,
FANNIE MAE, and
CASTLE MEINHOLD & STAWIARSKI, LLC,

    Defendants.

---

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S RECOMMENDATION
AND GRANTING IN PART MOTIONS TO DISMISS**

---

Plaintiffs Galen Amerson and Frances Scott ("Plaintiffs") bring this action *pro se* against Defendants Chase Home Finance and Fannie Mae (together "Bank Defendants") and Castle Meinhold & Stawiarski ("Castle"). Plaintiff's Amended Complaint brings claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as state law claims for fraud and extreme emotional distress. (Am. Compl. (ECF No. 42) pp. 6-9.)

The Bank Defendants and Castle filed separate Motions to Dismiss (ECF Nos. 53 & 56) which were referred to Magistrate Judge Michael E. Hegarty for a recommended decision (ECF No. 57). On May 7, 2012, Magistrate Judge Hegarty issued his Recommendation that both Motions be granted. (ECF No. 92.) Plaintiffs and Castle filed timely objections. (ECF Nos. 96 & 97.) The Motions to Dismiss,

Recommendation, and Objections are currently before the Court.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. As to any portion of the recommendation to which no timely objection is filed, the Court need only review that portion for clear error. Fed. R. Civ. P. 72(b), advisory committee's notes.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## II.  BACKGROUND

The Recommendation sets out in detail the background of this case based on the allegations in the Amended Complaint and the rest of the record.  (ECF No. 92 at 2-5.)  The only objection to the background portion of the Recommendation is with respect to the date that Plaintiffs entered into the loan agreement on the property that is the heart of this dispute.  The Recommendation states that the loan agreement was executed on October 16, 2009.  (Rec. at 2.)  Plaintiffs object and contend that the loan agreement was executed October 19, 2009.  (ECF No. 97 at 2.)  The record shows that Plaintiffs are correct.  (ECF No. 53-1.)  Thus, the Court finds that the loan agreement was executed on October 19, 2009.

Aside from the date of the loan agreement, neither party objects to the background set forth in the Recommendation.  Therefore, the Court adopts this section of the Recommendation as if set forth fully herein.  To the extent any additional facts are necessary for the Court's analysis, they will be set forth below.

## III.  ANALYSIS

Plaintiffs' Amended Complaint brings claims under the Fair Debt Collection Practices Act ("FDCPA") as well as two state law claims.  (Am. Compl. pp. 6-9.)  Defendants move to dismiss all claims.  (ECF Nos. 53 & 56.)  The Court will address each in turn below.

### A.  Fair Debt Collection Practices Act

In their Motions to Dismiss, Defendants raised three arguments with respect to Plaintiffs' FDCPA claims: (1) that the Court lacked jurisdiction over these claims under

the *Rooker-Feldman* doctrine[1]; (2) that the Court should abstain from exercising jurisdiction under the doctrine of *Younger* abstention[2]; and (3) that Plaintiffs failed to state a claim upon which relief could be granted.  (ECF Nos. 53 & 56.)  The Recommendation found that the Court should exercise jurisdiction over the FDCPA claims but that they are barred by the statute of limitations and should therefore be dismissed.  (Rec. at 16-20.)

   1.   *Rooker-Feldman*

Castle objects to the Recommendation's finding that *Rooker-Feldman* did not deprive the Court of jurisdiction over the monetary aspects of Plaintiff's FDCPA claims.  (ECF No. 96 at 1-5.)  Castle contends that the Recommendation erroneously interpreted *In re Miller*, 666 F.3d 1255 (10th Cir. 2012) and failed to address a number of arguments Castle raised in its briefing.  The Court has reviewed the Recommendation and considered *de novo* the arguments regarding the applicability of *Rooker-Feldman*.  The Court agrees with the Magistrate Judge's analysis of this issue and hereby adopts such analysis as its own.  The Court therefore finds that Plaintiffs' FDCPA claims are not barred by the *Rooker-Feldman* doctrine to the extent that they seek money damages.

---

[1] "*Rooker–Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments."  *Campell v. City of Spencer*, – F.3d –, 2012 WL 2362613, *2 (10th Cir. June 22, 2012).

[2] The *Younger* abstention doctrine provides that the federal courts may not entertain an action when there is an ongoing state court proceeding that provides an adequate forum for the plaintiff's complaints and involves important state interests.  *Amanatullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

    2.    *Younger Abstention*

With respect to Defendants' contention that the Court should abstain from exercising jurisdiction under the doctrine of *Younger* abstention, the Recommendation found that *Younger* abstention was not applicable because there was no ongoing state proceeding. (Rec. at 18.) No party has objected to this finding. The Court has reviewed the Recommendation's analysis and finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note (court should review for "no clear error" when no objections are filed). Accordingly, the Court finds that the *Younger* abstention doctrine does not mandate that the Court decline to exercise jurisdiction over Plaintiffs' FDCPA claims.

    3.    Merits of Plaintiffs' FDCPA claims

Defendants move to dismiss Plaintiffs' FDCPA claims and argue that these claims are barred by the statute of limitations or, alternatively, that Plaintiffs' Amended Complaint fails to state a claim upon which relief could be granted. (ECF Nos. 53 & 56.) The Magistrate Judge found that Plaintiffs' claims are untimely because the claims were filed more than one year after the claim accrued. (Rec. at 20.)

The Magistrate Judge found that Plaintiffs' claims arose out of a demand for payment dated March 25, 2010. (Rec. at 19.) Plaintiffs did not initiate this action until April 20, 2011 and did not amend their complaint to add an FDCPA claim until August 30, 2011. (*Id*.; ECF Nos. 1 & 42.) Plaintiffs object to this finding and argue that their claims are timely because their last payment on the mortgage occurred on October 1, 2010 and "the alleged fraud, renewed with each payment". (ECF No. 97 at 2.)

Plaintiffs cite no support for this argument. Moreover, the Court notes that Plaintiffs' fraud claim is separate from their FDCPA claim. Plaintiffs' Amended Complaint plainly states that their FDCPA claims arise out of a letter dated March 24, 2010. (Am. Compl. pp. 6-7.) Because Plaintiffs filed this action more than one year later, their FDCPA claims are untimely. 15 U.S.C. § 1692k(d) (claims brought under the FDCPA must be brought "within one year from the date on which the violation occurs").

Accordingly, the Court adopts the Magistrate Judge's Recommendation and dismisses Plaintiffs' FDCPA claims as barred by the statute of limitations.[3]

**B.      State Law Claims**

Plaintiffs' Amended Complaint also brings state law claims for common law fraud and extreme emotional distress. (Am. Compl. pp. 8-9.) The Magistrate Judge recommended that these claims be dismissed with prejudice for failure to state a claim and that no leave to amend be granted. (Rec. at 22-26.) Plaintiffs object to the recommended dismissal on a number of grounds.

The Court finds that it need not address the portion of the Recommendation that deals with these claims or the objections thereto because the Court will decline jurisdiction over these claims and dismiss them without prejudice. Though the issue has not been raised by any party, the Court has an independent duty to examine its jurisdiction at every stage of the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484

---

[3] The Magistrate Judge also held that, in the event the Court did not adopt this finding regarding the statute of limitations, Plaintiffs had stated plausible FDCPA claims and those claims should not be dismissed. (Rec. at 20-21.) Castle objects to this alternate ruling. (ECF No. 96 at 5-9.) Because the Court has found that Plaintiffs' FDCPA claims are untimely and dismissed those claims, it need not address the Magistrate Judge's alternate recommendation regarding plausibility of the merits of the claims or Castle's objections thereto.

U.S. 343, 350 (1988). The Court had original jurisdiction over this case because Plaintiffs alleged violations of the FDCPA, which is a federal statute.[4]  *See* 28 U.S.C. § 1331. Because the Court had original jurisdiction over the FDCPA claims, it also had supplemental jurisdiction over the Plaintiffs' two state law claims. *See* 28 U.S.C. § 1367.

This case is now in a fundamentally altered procedural posture given that the Court is herein dismissing Plaintiffs' FDCPA claims as untimely. Plaintiff's two remaining claims are firmly grounded in state law. A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005). The Court finds that neither of the state law claims at issue in this case turn on substantial questions of federal law.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350.

---

[4] Plaintiffs' objection refers to the Real Estate Settlement Practices Act ("RESPA") and the Truth in Lending Act ("TILA"), both of which are federal statutes. (ECF No. 97 at 2.) However, Plaintiffs do not assert claims under either of these statutes in their Amended Complaint. (ECF No. 42.) The Court therefore finds that RESPA and TILA are not relevant to whether the Court has original jurisdiction over this matter.

If, as here, federal claims are dismissed before trial, the federal district court should ordinarily decline to exercise supplemental jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). The Court finds that Plaintiffs' remaining claims are grounded in state law and that there is no compelling reason to retain federal jurisdiction.

Accordingly, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims and such claims will be dismissed without prejudice. *See Brooks*, 614 F.3d at 1229; *TV Commc'ns Network, Inc.*, 964 F.2d at 1028; *Thatcher Enters.*, 902 F.2d at 1478.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 92) is ACCEPTED IN PART;
2. Defendant Chase Home Finance and Fannie Mae's Motion to Dismiss (ECF No. 53) is GRANTED IN PART;
3. Defendant Castle Meinhold & Stawiarski, LLC's Motion to Dismiss (ECF No. 56) is GRANTED IN PART;
4. Plaintiffs' claims under the Fair Debt Collection Practices Act are DISMISSED WITH PREJUDICE; and

5. Plaintiffs' state law claims for fraud and extreme emotional distress are DISMISSED WITHOUT PREJUDICE.

6. The Clerk shall enter judgment in accordance with the above and close this action. Each party shall bear their own costs.

Dated this 11th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge